PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALI MOSHIR (#26897-055), | ) ) ) | CASE NO. 4:17CV1459 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | JUDGE BENITA Y. PEARSON |
| OFFICER VALENTINE, *et al.*, | ) ) | |
| Defendants. | ) ) | **MEMORANDUM OF OPINION AND ORDER** |

This case has been transferred from the United States District Court for the Western District of New York. *See* Decision and Order (ECF No. 3). *Pro Se* Plaintiff Ali Moshir, an inmate at the Northeast Ohio Correctional Center ("NEOCC") at the time he filed this *in forma pauperis* civil rights action against Defendants Officer Valentine, NEOCC, Corrections Corporation of America ("CCA")/Core Civic, the United States Marshals Service, the federal government, the State of Ohio, and Mahoning County, Ohio, alleges in the Complaint (ECF No. 1) that another inmate, Grant, became upset after Plaintiff answered his legal question. Officer Valentine nevertheless permitted Grant to enter the housing unit after Plaintiff, where Grant began punching him in the head and face. Plaintiff seeks one billion dollars in damages. ECF No. 1 at PageID #: 5.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

(4:17CV1459)

claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

It is well established that negligence cannot form the basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327 (1986). Even construing the Complaint (ECF No. 1) liberally, the facts set forth appear, at most, to assert negligence on the part of Officer Valentine. *Dillon v. Wilson*, No. 85-5566, 1987 WL 37855, at *1 (6th Cir. June 29, 1987) (affirming *sua sponte* dismissal on ground that complaint at most claimed negligence). Moreover, there are no allegations connecting any of the other Defendants with the incident recounted in the Complaint (ECF No. 1). A plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:17CV1459)

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 31, 2017 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |